**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**
**CASE NUMBER:**

**State Court Civil Action No.: 2026-CP-40-04990**

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF RICHLAND | |
| Mother Doe, as the Parent and Natural Guardian of Minors, Jane Doe 1 and Jane Doe 2,<br><br>Plaintiff,<br><br>v.<br><br>Global Renewable Energy Education Network, Green Charter School Board, and Tina Shaw, Ed.D.,<br><br>Defendants. | **NOTICE OF REMOVAL**<br><br>3:26-4285-SAL |

**TO: THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA, COLUMBIA DIVISION:**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants, Global Renewable Energy Education Network, Green Charter School Board, and Tina Shaw, hereby remove, and all consent to remove, the above captioned action currently pending in the Court of Common Pleas for Richland County, South Carolina to the United States District Court for the District of South Carolina, Columbia Division. Defendants base the removal on 28 U.S.C. § 1331 and would respectfully show this Court in support of their Notice of Removal that:

## Background

1. This action was originally filed on or about July 21, 2026, in the Richland County Court of Common Pleas, South Carolina. Proper service of the original Summons and Complaint

was never effectuated on Global Renewable Energy Education Network or Green Charter School Board, but Tina Shaw was served with the original Summons and Complaint on July 29, 2026. Plaintiff filed an Amended Summons and Complaint on or about August 17, 2026. A copy of Plaintiff's Amended Complaint is attached hereto as Exhibit A. Any attempted service of the Amended Summons and Complaint on these Defendants, if at all, occurred no earlier than August 24, 2026, against Green Charter School Board, and no earlier than August 26, 2026, against Global Renewable Energy Education Network. This Notice of Removal is being filed within thirty (30) days of the service of the Amended Complaint on Defendant Global Renewable Energy Education Network.

2. This is a personal injury action in which the Plaintiff asserts that on or about October 22, 2024, Defendant Shaw accused Jane Doe 1 and Jane Doe 2 of stealing Defendant Shaw's cell phone after Jane Doe 1 and Jane Doe 2 were found in Defendant Shaw's personal office. It is further alleged that Defendant Shaw conducted an illegal strip search of both Jane Doe 1 and Jane Doe 2 with her office door closed and no other witnesses.

3. The Plaintiff asserts that Defendant Green Charter School Board is liable for the actions and omissions of its employees and or agents who were involved in this alleged incident, and asserting that Defendant Green Charter School Board had a non-delegable duty to Jane Doe 1 and Jane Doe 2 regarding the alleged violations abovementioned.

4. An Answer on behalf of Defendants Global Renewable Energy Education Network and Green Charter School Board was filed in Richland County on September 22, 2026, and is attached hereto as Exhibit B, and an Amended Answer on behalf of Defendants Global Renewable Energy Education Network and Green Charter School Board was filed in Richland County on September 24, 2026, and is attached hereto as Exhibit C.

## Federal Question Jurisdiction

5. This removal notice is based on this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.

6. Federal Question Jurisdiction exists when a federal question is present on the face of the Plaintiffs' well-pled Complaint. See Burrell v. Bayer Corporation, 918 F.3d 372 (2019) and Dixon v. Coburg Diary, Inc., 369 F.3d 811 (2024).

7. There are two federal questions brought against Defendant, Tina Shaw, in Plaintiff's Amended Complaint; both being alleged violations of 42 U.S.C. § 1983. The first has been brought as a violation of substantive due process rights to education and bodily integrity in violation of the Fourteenth Amendment. The second has been brought as a violation of the right of the people to be secure in their persons from unreasonable search and seizure in violation of the Fourteenth Amendment.

8. It is clear that Plaintiff's Amended Complaint is relying significantly on violations of federal law, which require resolution at the federal level.

9. Therefore, a federal question exists based on the face of Plaintiff's Amended Complaint.

## Additional Statutory Requirements

10. Plaintiff commenced the State Court Action within the judicial district of the United States District Court for the District of South Carolina. Further, Plaintiff commenced the State Court Action in Richland County, South Carolina, which is located within the Columbia Division of the United States District Court for the District of South Carolina. Therefore, the Columbia Division is the proper venue for this action.

11. All Defendants join in and consent to this removal. A Consent to Notice of Removal is attached hereto as Exhibit D.

12. Defendants are sending prompt written notice of this Notice of Removal to Plaintiff through her counsel.

13. The Defendants have furnished to the Clerk of Court for Richland County a copy of this Notice of Removal. A copy of the Clerk's Acknowledgement of filing of Notice of Removal will be filed immediately with this Court after it is received from the Richland County Clerk of Court, as required by 28 U.S.C. § 1446(d).

14. Based upon the foregoing, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

WHEREFORE, Defendants, Global Renewable Energy Education Network and Green Charter School Board, with the consent of Defendant Tina Shaw, respectfully request the removal of this action from the Richland County Court of Common Pleas to this Court.

Respectfully submitted this 25th day of September 2026.

**HOLCOMBE BOMAR, P.A.**

By: *s/W. McElhaney White*
W. McElhaney White (Federal Bar No.: 6846)
Zoe R. Henrikson (Federal Bar No.: 14322)
Email: mwhite@holcombebomar.com
Email: zhenrikson@holcombebomar.com
P.O. Box 1897
Spartanburg, SC 29304
Telephone: (864) 594-5300

*Attorneys for Global Renewable Energy Education Network and Green Charter School Board*

September 25, 2026
Spartanburg, South Carolina

# EXHIBIT "A"

ELECTRONICALLY FILED - 2026 Aug 17 3:57 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004990

| | | |
|---|---|---|
| **STATE OF SOUTH CAROLINA** | ) | **IN THE COURT OF COMMON PLEAS** |
| | ) | |
| **COUNTY OF RICHLAND** | ) | **CIVIL ACTION 2026-CP-40-04990** |

| | | |
|---|---|---|
| **MOTHER DOE, as the PARENT and NATURAL GUARDIAN of MINORS, Jane Doe 1 and Jane Doe 2,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **AMENDED SUMMONS** |
| **GLOBAL RENEWABLE ENERGY EDUCATION NETWORK, GREEN CHARTER SCHOOL BOARD and TINA SHAW, Ed.D.,** | ) | |
| **Defendants.** | ) | |

**TO THE DEFENDANTS ABOVE-NAMED:**

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your Answer to said Complaint on the subscriber, James B. Moore III, at EVANS MOORE, LLC, 121 SCREVEN STREET, GEORGETOWN, SOUTH CAROLINA, 29440 within THIRTY (30) DAYS after the service hereof, exclusive of the date of such service; if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

[signature on following page]

ELECTRONICALLY FILED - 2026 Aug 17 3:57 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004990

**EVANS MOORE, LLC**

s/ *James B. Moore III*
James B. Moore III, SC Bar #74268
George W. Bryan III, SC Bar #104088
Scott C. Evans, SC Bar #77684
121 Screven Street
Georgetown, SC 29440
Office: (843) 995-5000
Fax: (843) 527-4128

**BAMBERG LEGAL, LLC**

Justin T. Bamberg, SC Bar #100337
104 Bridge Street
Bamberg, South Carolina 29003
Telephone: (803) 956-5088
Facsimile: (803) 956-5094

***Attorneys for the Plaintiff***

August 17, 2026
Georgetown, SC

ELECTRONICALLY FILED - 2026 Aug 17 3:57 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004990

| | | |
|---|---|---|
| **STATE OF SOUTH CAROLINA** | ) | **IN THE COURT OF COMMON PLEAS** |
| **COUNTY OF RICHLAND** | ) | **CIVIL ACTION 2026-CP-40-04990** |

| | | |
|---|---|---|
| **MOTHER DOE, as the PARENT and NATURAL GUARDIAN of MINORS, Jane Doe 1 and Jane Doe 2,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **AMENDED COMPLAINT** |
| **GLOBAL RENEWABLE ENERGY EDUCATION NETWORK, GREEN CHARTER SCHOOL BOARD and TINA SHAW, Ed.D.,** | ) | **(Jury Trial Requested)** |
| **Defendants.** | ) | |

The Plaintiff, Mother Doe, as the Mother and Natural Guardian of Minors, Jane Doe 1 and Jane Doe 2, brings this Complaint against the Defendants Global Renewable Energy Education Network, Green Charter School Board and Tina Shaw, Ed.D., and would respectfully show unto this Honorable Court:

**PARTIES and VENUE**

1. The Plaintiff, Mother Doe, is a citizen and resident of Charleston County, State of South Carolina, and is the mother and natural guardian of her minor daughters Jane Doe 1 and Jane Doe 2. Jane Doe 1 and Jane Doe 2 are twins. They are currently fifteen years old and reside with their mother, the Plaintiff, in Charleston County, South Carolina.

2. Defendant Global Renewable Energy Education Network is a non-profit corporation organized and existing under the laws of the State of South Carolina, with its principal place of business in Greenville County, South Carolina. Upon information and belief, Defendant

ELECTRONICALLY FILED - 2026 Aug 17 3:57 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004990

Global Renewable Energy Education Network operates, manages, and controls the GREEN Charter Schools System, including GREEN Charter School Midlands, and was the employer of the administrators, faculty, and staff of GREEN Charter School Midlands, including Defendant Shaw, at all times relevant to this action.

3. Defendant Green Charter School Board is the governing body of the GREEN Charter Schools System, which includes Green Charter School Midlands. Defendant Green Charter School Board is organized under the laws of the State of South Carolina, with its principal place of business in Greenville County, South Carolina. Defendants Global Renewable Energy Education Network and Green Charter School Board are hereinafter referred to collectively as "Defendant GREEN," and each and every cause of action, allegation, and prayer for relief asserted herein against Defendant GREEN is asserted against Global Renewable Energy Education Network and Green Charter School Board jointly and severally. Plaintiff further pleads in the alternative that, to the extent Green Charter School Board is not an entity separate and distinct from Global Renewable Energy Education Network, or is not an entity subject to suit in its own name, Global Renewable Energy Education Network is the proper party defendant and is liable for each and every act, omission, and cause of action alleged herein against Defendant GREEN. At all times mentioned in this lawsuit, the Defendant GREEN acted and carried on its business by and through its agents, servants, and/or employees, at its various locations. Additionally, these agents, servants, and/or employees were operating within the scope of their officially assigned and/or compensated duties.

4. Upon information and belief, Defendant Tina Shaw, Ed.D., is a resident of Richland County, South Carolina and was an active employee of Defendant GREEN at the time of the

ELECTRONICALLY FILED - 2026 Aug 17 3:57 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004990

incident. For purposes of this action, Defendant Shaw is being sued solely in her individual capacity under the color of state law.

5. The Plaintiff is informed and believes that venue is proper in Richland County as a substantial portion of the actions and/or occurrences took place in Richland County.

**FACTS**

6. Students in public school systems, like Jane Doe 1 and Jane Doe 2, have a right to be free from unreasonable search and seizure pursuant to the Fourth Amendment to the United States Constitution and South Carolina Constitution.

7. Generally, the Fourth Amendment requires law enforcement to have probable cause prior to conducting a search. However, in the school setting, the legality of a search depends on the reasonableness under all of the circumstances of the search, rather than probable cause.

8. While some less invasive searches may be reasonable under certain circumstances, strip searches of students by school administrators or school officials are strictly forbidden pursuant to S.C. Code § 59-63-1140.

9. At all times relevant to this Complaint, Defendant GREEN was the governing body for and/or operator of the GREEN Charter School System, which operates multiple charter schools throughout South Carolina, including GREEN Charter School Midlands.

10. At all times relevant, Defendant GREEN was aware that the strip-searching of students within its schools, including GREEN Charter School Midlands, was strictly forbidden and illegal.

11. At all times relevant, Defendant GREEN was aware of the risks of failing to establish policies and train employees on the law regarding strip searches and to train employees

ELECTRONICALLY FILED - 2026 Aug 17 3:57 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004990

on how to assess the need for a search of a student's person, and proper search techniques so as to avoid violations of established South Carolina statutes.

12. However, notwithstanding this knowledge, Defendant GREEN engaged in a policy, pattern, and/or practice of failing to supervise its employees, including those at GREEN Charter School Midlands, failing to ensure their employees are trained on how to assess the need for searches, proper search techniques, sexual abuse and mandatory reporting, and/or engaged in a pattern and practice of deliberate indifference towards the students, including Jane Doe 1 and Jane Doe 2, of Green Charter School Midlands.

13. Jane Doe 1 and Jane Doe 2 began attending GREEN Charter School Midlands in August of 2024 (eighth grade).

14. At all times relevant, Tina Shaw, Ed.D. was the principal of GREEN Charter School Midlands.

15. On October 22, 2024, Jane Doe 1 and Jane Doe 2, who were both thirteen years old at the time, walked into Defendant Shaw's open office in an attempt to retrieve an emergency cellphone that had previously been confiscated from them.

16. Defendant Shaw came in behind the twins and shut the office door, isolating the twins inside with Defendant Shaw.

17. After shutting the door, Defendant Shaw accused the twins of stealing Defendant Shaw's cellphone.

18. Defendant Shaw proceeded to engage in an illegal strip search of both young girls and began to invasively search inside their bras (touching their breasts) and inside their pants (touching their pubic regions).

ELECTRONICALLY FILED - 2026 Aug 17 3:57 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004990

19. Defendant Shaw's strip search of the minor twins was illegal and in direct contravention of S.C. Code Ann. § 59-63-1140.

20. Defendant Shaw's illegal strip search of the twins did not produce any contraband or any evidence of stolen property.

21. Defendant Shaw's illegal search was completely unreasonable and unjustifiable.

22. Later that same day, after Jane Doe 1 and Jane Doe 2 reported the strip searches to their mother, Mother Doe promptly reported the misconduct to Defendant GREEN's administration by email at approximately 4:26 PM.

23. Shortly after 6:00 PM that same evening, the Director of Operations for GREEN Charter School Midlands returned Mother Doe's communication by telephone and stated that he would investigate the matter and follow up.

24. That same evening, Mother Doe sent a text message directly to Defendant Shaw regarding the incident; Defendant Shaw did not respond.

25. On October 23, 2024, Defendant Shaw sent Mother Doe an email denying the allegations and claiming that she had attempted to call Mother Doe; Mother Doe has no record of any missed call or voicemail from Defendant Shaw.

26. In a subsequent meeting attended by Mother Doe's husband and the Director of Operations, Defendant Shaw made materially inconsistent statements, claiming that she had no reason to search the students while simultaneously admitting that she believed the twins had stolen her cellphone, and maintaining that no search had occurred despite having been the only adult in the closed office with the two minor students.

27. Following Mother Doe's report, Defendant GREEN removed Jane Doe 1 and Jane Doe 2 from school pending an investigation.

ELECTRONICALLY FILED - 2026 Aug 17 3:57 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004990

28. As part of its investigation, Defendant GREEN required Jane Doe 1 and Jane Doe 2 to be questioned separately, behind closed doors, by a human resources representative via a virtual call; Defendant GREEN excluded both of the girls' parents from this meeting and afforded the minor students no parental representation or third-party advocate.

29. Before Jane Doe 1 and Jane Doe 2 returned to campus, details of the incident had been disclosed and/or leaked to students and staff of GREEN Charter School Midlands.

30. Upon their return, Jane Doe 1 and Jane Doe 2 were questioned and stared at by students and teachers, creating a hostile and uncomfortable educational environment.

31. Mother Doe contemporaneously documented these events, including her October 22 and October 23, 2024 emails to Defendant GREEN's administration, her text messages to Defendant Shaw, and communications regarding the hostile environment Jane Doe 1 and Jane Doe 2 endured upon their return.

32. On February 26, 2025, Defendant Shaw was arrested and charged with failure to report child abuse associated with her failure to notify law enforcement of reports that multiple children had been inappropriately touched by Sulaymaan Benoit, the director of GREEN Charter School Midlands's after-school program.

33. Defendant Shaw was also charged with Assault and Battery 2nd Degree in connection with the illegal searches of the minor twin students as detailed here within.

34. As a direct and proximate result of the conduct described above, including the unlawful and invasive physical search of the minor children inside their undergarments, the denial of parental presence during closed-door questioning, and the school's failure to maintain confidentiality regarding the incident, Plaintiff and her minor children have suffered damages including, but not limited to: severe emotional distress, humiliation, embarrassment, anxiety, and

ELECTRONICALLY FILED - 2026 Aug 17 3:57 PM - RICHLAND - COMMON PLEAS - CASE#2026CP400490

mental anguish; violation of the minor children's bodily integrity, privacy, and dignity; exposure to a hostile educational environment upon their return to campus; disruption of the minor children's education during their removal from school; and damage to the trust relationship between the family and the school community. Plaintiff is therefore entitled to recover compensatory damages in an amount to be determined at trial, together with such other and further relief as the Court deems just and proper.

**FOR A FIRST CAUSE OF ACTION**
**(Gross Negligence)**

35. The foregoing factual allegations are made part of this First Cause of Action through incorporation by reference.

36. This is an action for gross negligence brought against Defendant GREEN under the laws of the State of South Carolina.

37. This cause of action is brought pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. §§ 15-78-10, *et seq*.

38. At all times relevant to this Complaint, the employees of GREEN Charter School Midlands, including Defendant Shaw, were employees and/or agents of Defendant GREEN and were acting within the course and scope of their employment, in furtherance of the interests of Defendant GREEN, and with Defendant GREEN's knowledge and consent.

39. Defendant GREEN is liable for the actions and omissions of its employees and/or agents that gave rise to this action.

40. Defendant GREEN by and through its employees and agents, owed a duty to Jane Doe 1 and Jane Doe 2, including the special duty to the twins while acting *in loco parentis*, to act in a prudent and reasonable manner with regard to their health and safety in the following particulars, to wit:

ELECTRONICALLY FILED - 2026 Aug 17 3:57 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004990

a. to supervise its GREEN Charter School Midlands employees;

b. to train its employees on the legalities of strip searching students;

c. to train its employees on how to appropriately assess the need for physical searches;

d. to train its employees on proper search techniques;

e. to sufficiently vet its new hires to determine their understanding of relevant South Carolina Statutes, and their understanding of what constitutes sexual abuse, and illegal search and seizures of students;

f. to implement appropriate policies regarding the reporting of suspected child sexual abuse;

g. to train employees of GREEN Charter School Midlands on recognizing and/or identifying child sexual abuse;

h. to train employees of GREEN Charter School Midlands on reporting instances of child sexual abuse to law enforcement or SCDSS.

i. to properly, fairly, and confidentially investigate reports of employee misconduct against minor students, including permitting parental participation in interviews of alleged child victims; and

j. to protect students who report employee misconduct from the disclosure of confidential investigative details and from a resulting hostile educational environment.

41. Upon information and belief, prior to the incident involving Jane Doe 1 and Jane Doe 2, Defendant GREEN had customs or policies of the following, which upon information and belief still exist at this time:

a. failing to supervise the employees of GREEN Charter School Midlands;

ELECTRONICALLY FILED - 2026 Aug 17 3:57 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004990

b. failing to train its employees on the legalities of strip searches;

c. failing to train its employees on how to appropriately assess the need for physical searches of students;

d. failing to train its employees on proper search techniques;

e. failing to sufficiently vet its new hires to determine their understanding of relevant South Carolina Statutes, and their understanding of what constitutes sexual abuse;

f. failing to implement appropriate policies regarding the reporting of suspected child sexual abuse;

g. failing to train employees of GREEN Charter School Midlands on recognizing and/or identifying child sexual abuse;

h. failing to train employees of GREEN Charter School Midlands on reporting instances of child sexual abuse to law enforcement or SCDSS;

i. encouraging employees to report instances of child sexual abuse internally rather than immediately reporting the same to law enforcement or SCDSS.

j. failing to properly, fairly, and confidentially investigate reports of employee misconduct against minor students, including excluding parents from closed-door interviews of alleged child victims; and

k. failing to maintain the confidentiality of investigations into reports of abuse of students, thereby subjecting Jane Doe 1 and Jane Doe 2 to a hostile educational environment upon their return to school.

42. The aforementioned failures amounted to violations of non-discretionary and non-delegable duties owed to the students of GREEN Charter School Midlands.

ELECTRONICALLY FILED - 2026 Aug 17 3:57 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004990

43. As such, Defendant GREEN breached its duties, including ministerial duties, owed to Jane Doe 1 and Jane Doe 2.

44. Defendant GREEN's failure to reprimand and intervene and/or take corrective action against its employees within GREEN Charter School Midlands is evidence that Defendant GREEN ratified and promulgated staff misconduct and the conditions inside the GREEN Charter School Midlands, and provides further evidence of its breach of duties owed to the students at GREEN Charter School Midlands, including Jane Doe 1 and Jane Doe 2.

45. Defendant GREEN's failures as described herein resulted in its authorized employees breaching the duties they owed by showing an absence of care and/or willfully, wantonly, and recklessly disregarding the life and bodily integrity of Jane Doe 1 and Jane Doe 2.

46. Defendant GREEN knew or should have known of the dangers posed by its failures illustrated in this Complaint, and that said actions and inactions were reckless and/or constituted the total absence of care likely to result in violations of a student's rights, and as such were reasonably foreseeable.

47. Defendant GREEN, by and through its duly authorized employees, owed a duty to Jane Doe 1 and Jane Doe 2 to be reasonable in the management and conduct of GREEN Charter School Midlands.

48. Each act or omission detailed in this matter constitutes a separate occurrence.

49. Defendant GREEN's actions and omissions, by and through its authorized employees, were unreasonable, constituted the total absence of care, and breached duties owed to Jane Doe 1 and Jane Doe 2, actually and proximately contributed to and/or caused the severe injuries sustained by Jane Doe 1 and Jane Doe 2.

ELECTRONICALLY FILED - 2026 Aug 17 3:57 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004990

50. Plaintiff is entitled to Judgment against Defendant GREEN for Actual and Consequential damages as to be determined by the triers of fact in this case.

**FOR A SECOND CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Substantive Due Process Rights to Education and Bodily Integrity in Violation of the Fourteenth Amendment**
**(*against Defendant Shaw*)**

51. The foregoing factual allegations are made part of this Second Cause of Action through incorporation by reference.

52. This action is brought against Defendant Shaw, in her individual capacity, pursuant to the Fourteenth Amendment to the United States Constitution, for Defendant Shaw's violations of 42 U.S.C. § 1983.

53. At all times material hereto, Defendant Shaw was an employee and/or agent of Defendant GREEN and acting within the course and scope of her employment, under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant GREEN.

54. Jane Doe 1 and Jane Doe 2 have a constitutional interest in their education and bodily integrity.

55. On October 22, 2024, Defendant Shaw illegally strip-searched Jane Doe 1 and Jane Doe 2, with such conduct occurring on school grounds.

56. Defendant Shaw had knowledge of the illegality of strip-searching Jane Doe 1 and Jane Doe 2.

57. Defendant Shaw's decision to illegally strip search Jane Doe 1 and Jane Doe 2, conduct she knew to be harmful to the educational progress and physical and mental well-being of Jane Doe 1 and Jane Doe 2, is conduct that is outrageous, egregious, and shocks the conscience,

ELECTRONICALLY FILED - 2026 Aug 17 3:57 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004990

and Defendant Shaw was deliberately indifferent to the threats to Jane Doe 1 and Jane Doe 2's education and bodily integrity.

58. As a result of Defendant Shaw's outrageous, egregious, and conscience-shocking conduct, Jane Doe 1 and Jane Doe 2 have suffered detrimental impacts to their education, violations of their bodily integrity, and mental, emotional, and physical harm.

59. Through the conduct described herein, Defendant Shaw, acting under color and authority of state law, deprived Jane Doe 1 and Jane Doe 2 of their rights to education and bodily integrity without due process of law.

60. Defendant Shaw's conduct was objectively and subjectively unreasonable.

61. Defendant Shaw's outrageous, egregious, and conscience-shocking conduct and deliberate indifference to the threats to Jane Doe 1 and Jane Doe 2's education and bodily integrity were the cause in fact and proximate cause of Jane Doe 1 and Jane Doe 2's injuries and damages.

62. As a direct and proximate result of Defendant Shaw's acts and omissions, Jane Doe 1 and Jane Doe 2 have sustained injuries and damages, including, but not limited to, physical and emotional injuries; loss of their fundamental constitutional rights; mental and emotional distress, including anxiety, mental anguish, humiliation and embarrassment; educational loss; economic loss and other incidental expenses; loss of future earning capacity; psychological damage; and loss of the ordinary pleasures of everyday life.

63. Plaintiff therefore seeks a judgment for damages directly and proximately resulting from the conduct set forth herein, and for such additional damages as this court may determine.

**FOR A THIRD CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of the right of the people to be secure in their persons from unreasonable search and seizure in violation of the Fourteenth Amendment**
**(*against Defendant Shaw*)**

ELECTRONICALLY FILED - 2026 Aug 17 3:57 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004990

64. The foregoing factual allegations are made part of this Third Cause of Action through incorporation by reference.

65. This action is brought against Defendant Shaw, in her individual capacity, pursuant to the Fourth Amendment to the United States Constitution, for Defendant Shaw's violations of 42 U.S.C. § 1983.

66. At all times material hereto, Defendant Shaw was an employee and/or agent of Defendant GREEN and acting within the course and scope of her employment, under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant GREEN.

67. Jane Doe 1 and Jane Doe 2 have a constitutional right to be secure from unreasonable search and seizure pursuant to the Fourth Amendment to the US Constitution.

68. On October 22, 2024, Defendant Shaw strip searched Jane Doe 1 and Jane Doe 2, with such conduct occurring on school grounds.

69. Defendant Shaw's strip search of Jane Doe 1 and Jane Doe 2 was unreasonable under all the attending circumstances, was conducted without probable cause, and was in direct violation of S.C. Code Ann. § 59-63-1140.

70. Defendant Shaw had knowledge that her strip search of Jane Doe 1 and Jane Doe 2 violated both the Fourth Amendment and S.C. Code Ann. § 59-63-1140.

71. Defendant Shaw's decision to illegally and unconstitutionally strip search Jane Doe 1 and Jane Doe 2, is conduct that she knew to be harmful to the educational progress and physical and mental well-being of Jane Doe 1 and Jane Doe 2, is conduct that is outrageous, egregious, and shocks the conscience, and Defendant Shaw was deliberately indifferent to Jane Doe 1 and Jane Doe 2's constitutional rights and bodily integrity.

ELECTRONICALLY FILED - 2026 Aug 17 3:57 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004990

72. As a result of Defendant Shaw's outrageous, egregious, and conscience-shocking conduct, Jane Doe 1 and Jane Doe 2 have suffered detrimental impacts to their education, violations of their bodily integrity, and mental, emotional, and physical harm.

73. Through the conduct described herein, Defendant Shaw, acting under color and authority of state law, deprived Jane Doe 1 and Jane Doe 2 of their rights to be free from unreasonable search and seizure.

74. Defendant Shaw's conduct was objectively and subjectively unreasonable.

75. Defendant Shaw's outrageous, egregious, and conscience-shocking conduct and deliberate indifference to the threats to Jane Doe 1 and Jane Doe 2's bodily integrity were the cause in fact and proximate cause of Jane Doe 1 and Jane Doe 2's injuries and damages.

76. As a direct and proximate result of Defendant Shaw's acts and omissions, Jane Doe 1 and Jane Doe 2 have sustained injuries and damages, including, but not limited to, physical and emotional injuries; loss of their fundamental constitutional rights; mental and emotional distress, including anxiety, mental anguish, humiliation and embarrassment; educational loss; economic loss and other incidental expenses; loss of future earning capacity; psychological damage; and loss of the ordinary pleasures of everyday life.

77. Plaintiff therefore seeks a judgment for damages directly and proximately resulting from the conduct set forth herein, and for such additional damages as this court may determine.

**FOR A FOURTH CAUSE OF ACTION**
**LOSS OF PARENTAL SERVICES**

78. The foregoing factual allegations are made part of this Fourth Cause of Action through incorporation by reference.

79. Mother Doe is the mother and guardian of Jane Doe 1 and Jane Doe 2.

ELECTRONICALLY FILED - 2026 Aug 17 3:57 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004990

80. As a direct and proximate result of the aforementioned acts on behalf of the Defendant, Mother Doe has been injured and damaged in Actual and Consequential Damages as follows:

i. pre-trial expenses and
ii. post-trial and future expenses until Jane Doe 1 and Jane Doe 2's age of majority.
iii. consequential damages arising from the disruption of Jane Doe 1 and Jane Doe 2's education, including their removal from school pending Defendant GREEN's investigation and the hostile educational environment they endured upon their return.

**DEMAND FOR JURY TRIAL AND PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff hereby requests a trial by jury on all of the issues that have been or may hereafter be raised in any of the pleadings. Plaintiff further seeks judgment against the Defendants for:

a. actual and consequential damages against Defendants Global Renewable Energy Education Network and Green Charter School Board as to each independent cause of action, per occurrence, as defined by the South Carolina Tort Claims Act;
b. actual and consequential damages as to Defendant Shaw;
c. punitive damages as to Defendant Shaw;
d. the costs and disbursements of this action and attorney's fees to Plaintiff for the civil rights causes of action under 42 U.S.C. § 1988 as to Defendant Shaw; and
e. such other and further relief as this Court deems just and proper.

Respectfully Submitted,

s/ *James B. Moore III*
James B. Moore III, SC Bar #74268

Scott C. Evans, SC Bar #77684
George W. Bryan III, SC Bar #104088
EVANS MOORE, LLC
121 Screven Street
Georgetown, SC 29440
Office: (843) 995-5000
Fax: (843) 527-4128
james@evansmoorelaw.com
scott@evansmoorelaw.com
george@evansmoorelaw.com

**BAMBERG LEGAL, LLC**

Justin T. Bamberg, SC Bar No. 100337
104 Bridge Street
Bamberg, South Carolina 29003
Telephone: (803) 956-5088
Facsimile: (803) 956-5094

***Attorneys for the Plaintiff***

August 17, 2026

ELECTRONICALLY FILED - 2026 Aug 17 3:57 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004990

ELECTRONICALLY FILED - 2026 Aug 27 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004990

| | | |
|---|---|---|
| **STATE OF SOUTH CAROLINA** | ) | **IN THE COURT OF COMMON PLEAS** |
| | ) | |
| **COUNTY OF RICHLAND** | ) | **CIVIL ACTION 2026-CP-40-04990** |

**MOTHER DOE, As the PARENT and NATURAL GUARDIAN of MINORS, Jane Doe 1 and Jane Doe 2,**

**Plaintiff,**

**v.**

**GLOBAL RENEWABLE ENERGY EDUCATION NETWORK, GREEN CHARTER SCHOOL BOARD and TINA SHAW, Ed.D.,**

**Defendants.**

# ACCEPTANCE OF SERVICE

I hereby certify acknowledge receipt of and accept service of the above captioned **AMENDED SUMMONS AND COMPLAINT** on behalf of the Defendant, **GLOBAL RENEWABLE ENERGY EDUCATION NETWORK** on this 26 day of August, 2026.

Mary Allison Caudell
Signature

MaryAllison Caudell, Attorney
Printed Name and Title

ELECTRONICALLY FILED - 2026 Aug 31 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004990

| | | |
|---|---|---|
| **STATE OF SOUTH CAROLINA** | ) | **IN THE COURT OF COMMON PLEAS** |
| | ) | |
| **COUNTY OF RICHLAND** | ) | **CIVIL ACTION 2026-CP-40-04990** |

**MOTHER DOE, As the PARENT and NATURAL GUARDIAN of MINORS, Jane Doe 1 and Jane Doe 2,**

**Plaintiff,**

**v.**

**GLOBAL RENEWABLE ENERGY EDUCATION NETWORK, GREEN CHARTER SCHOOL BOARD and TINA SHAW, Ed.D.,**

**Defendants.**

**CERTIFICATE OF SERVICE BY CERTIFIED MAIL**

Based on the attached, service of the Amended Summons & Complaint by Certified Mail on GREEN Charter School Board was effective on August 24, 2026.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
GREEN Charter School Board
Attn: Thomas F. Cronin, Registered Agent
1440 Pelham Road
Greenville, SC 29615

9590 9402 9633 5121 9537 02

2. Article Number (Transfer from service label)
7022 2410 0000 8177 2245

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☒ Agent ☐ Addressee

B. Received by (Printed Name): Christies Chairperson

C. Date of Delivery: 8/24/26

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053 Domestic Return Receipt

ELECTRONICALLY FILED - 2026 Aug 31 4:05 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004990


USPS TRACKING #

9590 9402 9633 5121 9537 02

United States
Postal Service

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Evans Moore, LLC
121 Screven Street
Georgetown, SC 29440

A S&C 26.1049

EVANS MOORE, LLC

*s/ James B. Moore, III*
James B. Moore, III, SC Bar #74268
Scott C. Evans, SC Bar #77684
George W. Bryan, III, SC Bar #104088
121 Screven Street
Georgetown, SC 29440
Office: (843) 995-5000
Fax: (843) 527-4128

**BAMBERG LEGAL, LLC**
Justin T. Bamberg, SC Bar #100337
104 Bridge Street
Bamberg, South Carolina 29003
Telephone: (803) 956-5088
Facsimile: (803) 956-5094

Attorneys for the Plaintiff

August 31, 2026
Georgetown, SC

ELECTRONICALLY FILED - 2026 Aug 27 5:18 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004990

**STATE OF SOUTH CAROLINA** ) **IN THE COURT OF COMMON PLEAS**

**COUNTY OF RICHLAND** ) **CIVIL ACTION NO.: 2026-CP-40-04990**

**MOTHER DOE, As the PARENT and NATURAL GUARDIAN of MINORS, Jane Doe 1 and Jane Doe 2,**

**Plaintiff,**

**v.**

**GLOBAL RENEWABLE ENERGY EDUCATION NETWORK, GREEN CHARTER SCHOOL BOARD and TINA SHAW, Ed.D.,**

**Defendants.**

**AFFIDAVIT OF PERSONAL SERVICE**

The undersigned, Norman B. Brown, Jr, of Brothers Detective Agency being duly sworn, states that s/he served the **AMENDED SUMMONS AND COMPLAINT** in the above referenced action, by delivering a true copy of each to:

(X ) TINA SHAW, Ed.D. personally;

( )________________, a person of suitable age and discretion

residing at the Deponent's residence;

and leaving with him/her one (1) copy of the same at 905 Arnaud Street, Sumter, SC 29150 at 5:54 AM/PM on August 26, 2026 and that s/he knows the person so served to be the deponent, mentioned and described in the pleading(s) served, and that the Deponent is not a party to nor interested in this action.

Norman B. Brown Jr.
Signature

Norman B. Brown, Jr., Process Server
Printed Name and Title

Sworn to before me this 26th day of August 2026.

Sebra Brothers
Notary for the State of South Carolina
My Commission Expires: 7/14/30

ELECTRONICALLY FILED - 2026 Jul 30 3:59 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004990

| | | |
|---|---|---|
| **STATE OF SOUTH CAROLINA** | ) | **IN THE COURT OF COMMON PLEAS** |
| | ) | |
| **COUNTY OF RICHLAND** | ) | **CIVIL ACTION NO.: 2026-CP-40-04990** |

**MOTHER DOE, As the PARENT and NATURAL GUARDIAN of MINORS, Jane Doe 1 and Jane Doe 2,**

**Plaintiff,**

v.

**GREEN CHARTER SCHOOL BOARD and TINA SHAW, Ed.D.,**

**Defendants.**

**AFFIDAVIT OF PERSONAL SERVICE**

The undersigned, Norman B. Brown, Jr., of Brothers Detective Agency, Orangeburg,SC being duly sworn, states that s/he served the **SUMMONS AND COMPLAINT AND MOTION TO PROCEED UNDER PSEUDONYM** in the above referenced action, by delivering a true copy of each to:

(x) TINA SHAW, Ed.D. personally;

( ) ________________, a person of suitable age and discretion

residing at the Deponent's residence;

and leaving with him/her one (1) copy of the same at 905 Arnaud Street, Sumter, SC 29150-5917 at 3:27 AM/PM on July 29, 2026 and that s/he knows the person so served to be the deponent, mentioned and described in the pleading(s) served, and that the Deponent is not a party to nor interested in this action.

Signature

Norman B. Brown, Jr., Process Server
Printed Name and Title

Sworn to before me this 30th day of ________, 2026.

Notary for the State of South Carolina
My Commission Expires: 7/14/30

DEBBIE BROTHERS NOTARY PUBLIC SOUTH CAROLINA My Comm. Exp. 07/14/2030

# EXHIBIT "B"

ELECTRONICALLY FILED - 2026 Sep 22 10:08 AM - RICHLAND - COMMON PLEAS - CASE#2026CP4004990

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF RICHLAND<br><br>Mother Doe, as the Parent and Natural Guardian of Minors, Jane Doe 1 and Jane Doe 2,<br><br>Plaintiff,<br><br>v.<br><br>Global Renewable Energy Education Network, Green Charter School Board, and Tina Shaw, Ed.D.,<br><br>Defendants. | ) | IN THE COURT OF COMMON PLEAS<br>FIFTH JUDICIAL CIRCUIT<br>CASE NO.: 2026-CP-40-04990<br><br>**ANSWER OF GLOBAL RENEWABLE ENERGY EDUCATION NETWORK AND GREEN CHARTER SCHOOL BOARD TO PLAINTIFF'S AMENDED COMPLAINT** |

Global Renewable Energy Education Network and Green Charter School Board ("these Defendants"), by and through their undersigned attorneys, answer the Amended Complaint as follows:

1. All allegations contained in the Amended Complaint which are not hereinafter admitted, qualified, or otherwise explained are denied.

**FOR A FIRST DEFENSE**

2. These Defendants are without sufficient information upon which to form a true and accurate belief as to the allegations contained in Paragraph 1.

3. In response to the allegations contained in Paragraph 2, these Defendants admit that Global Renewable Energy Education Network is a nonprofit corporation organized and existing under the laws of the State of South Carolina, that it operates charter schools including Green Charter School Midlands, and was the employer of the administrators, faculty, and staff of Green Charter School Midlands, including Tina Shaw, at all times relevant to this action.

ELECTRONICALLY FILED - 2026 Sep 22 10:08 AM - RICHLAND - COMMON PLEAS - CASE#2026CP400490

4. In response to the allegations contained in Paragraph 3, these Defendants deny that Green Charter School Board is an entity organized under the laws of the State of South Carolina, and further denies that it is appropriate to refer to Global Renewable Energy Education Network and Green Charter School Board collectively as "Defendant Green". These Defendants deny all allegations of liability, wrongdoing, and the prayer for relief asserted in the Amended Complaint against these Defendants. These Defendants admit that Global Renewable Energy Education Network acted and carried on its business by and through agents, servants, and/or employees. These Defendants are without sufficient information upon which to form a true and accurate belief as to the remaining allegations contained in Paragraph 3.

5. In response to the allegations contained in Paragraph 4, these Defendants admit that Tina Shaw was an employee of Global Renewable Energy Education Network at the time of the incident alleged in the Complaint. These Defendants are without sufficient information upon which to form a true and accurate belief as to the remaining allegations contained in Paragraph 4.

6. In response to the allegations contained in Paragraph 5, these Defendants deny the actions and occurrences alleged in the Amended Complaint. These Defendants admit that Green Charter School Midlands is located in Richland County, South Carolina.

7. The allegations contained in Paragraphs 6 – 8 set forth legal conclusion, and in response thereto, these Defendants crave reference to State and Federal law and deny any allegations inconsistent therewith.

8. In response to the allegations contained in Paragraph 9, these Defendants admit that Global Renewable Energy Education Network was the operator of charter schools, including Green Charter School Midlands. These Defendants deny the remaining allegations contained in Paragraph 9.

ELECTRONICALLY FILED - 2026 Sep 22 10:08 AM - RICHLAND - COMMON PLEAS - CASE#2026CP400490

9. These Defendants admit the allegations contained in Paragraph 10.

10. In response to the allegations contained in Paragraph 11, these Defendants deny that there was a failure to establish policies and train employees on the law regarding strip searches, on how to assess the need for a search of student's person, and for proper search techniques to avoid violations of established South Carolina statutes.

11. These Defendants deny the allegations contained in Paragraph 12.

12. In response to the allegations contained in Paragraph 13, these Defendants crave reference to the school records of Jane Doe 1 and Jane Doe 2 and deny any allegations inconsistent therewith.

13. These Defendants admit that in October of 2024, Tina Shaw was Principal of Green Charter School Midlands.

14. These Defendants admit the allegations contained in Paragraph 15, except to the extent the allegations suggest that Principal Shaw's office was open for anyone to enter. To the extent the allegations contained in Paragraph 15 suggest that, they are denied.

15. In response to the allegations contained in Paragraph 16, these Defendants admit that Tina Shaw returned to her office finding Jane Doe 1 and Jane Doe 2 therein.

16. These Defendants deny the allegations contained in Paragraphs 17 and 18.

17. In response to the allegations contained in Paragraphs 19 - 21, these Defendants deny that Principal Shaw conducted a strip search of Jane Doe 1 and Jane Doe 2.

18. In response to the allegations contained in Paragraph 22, these Defendants deny that Principal Shaw strip searched Jane Doe 1 and Jane Doe 2. These Defendants are without sufficient information upon which to form a true and accurate belief as to what Jane Doe 1 and Jane Doe 2 told their mother. In response to the remaining allegations contained in Paragraph 22,

ELECTRONICALLY FILED - 2026 Sep 22 10:08 AM - RICHLAND - COMMON PLEAS - CASE#2026CP400490

these Defendants admit that there were communications between Mother Doe and employees of Global Renewable Energy Education Network, but these Defendants deny that there was any misconduct on the part of these Defendants or Principal Shaw.

19. In response to the allegations contained in Paragraphs 23 – 25, these Defendants admit that there were ongoing communications between Global Renewable Energy Education Network and Mother Doe. With respect to the content of the messages and emails, these Defendants crave reference to such text messages and emails.

20. In response to the allegations contained in Paragraph 26, these Defendants admit that Principal Shaw did not search the students and that Principal Shaw has always maintained that she did not search the students. The remaining allegations contained in Paragraph 26 are denied.

21. These Defendants are without sufficient information upon which to form a true and accurate belief as to the allegations contained in Paragraph 27.

22. In response to the allegations contained in Paragraph 28, these Defendants admit that Jane Doe 1 and Jane Doe 2 were questioned separately about the alleged incident. These Defendants deny the remaining allegations contained in Paragraph 28.

23. These Defendants are without sufficient information upon which to form a true and accurate belief as to the allegations contained in Paragraph 29.

24. In response to the allegations contained in Paragraph 30, these Defendants deny that teachers or any other staff created a hostile or uncomfortable educational environment. These Defendants are without sufficient information upon which to form a true and accurate belief as to the remaining allegations contained in Paragraph 30.

25. These Defendants are without sufficient information upon which to form a true and accurate belief as to the allegations contained in Paragraph 31.

ELECTRONICALLY FILED - 2026 Sep 22 10:08 AM - RICHLAND - COMMON PLEAS - CASE#2026CP400490

26. In response to the allegations set forth in Paragraphs 32 – 33, these Defendants admit that Defendant Shaw was arrested and charges were asserted. These Defendants deny that Defendant Shaw searched the minor twin students as alleged in the Amended Complaint.

27. These Defendants deny the allegations contained in Paragraph 34.

28. In response to the allegations contained in Paragraph 35, these Defendants reallege and incorporate the allegations set forth above.

29. These Defendants deny the allegations contained in Paragraph 36.

30. In response to the allegations contained in Paragraph 37, these Defendants admit that the causes of action alleged against these Defendants in the Amended Complaint are brought pursuant to the South Carolina Tort Clams Act, S.C. Code Ann. § 15-78-10, et. seq. These Defendants deny the allegations raised in the Amended Complaint against these Defendants.

31. These Defendants admit the allegations contained in Paragraph 38; however, if Plaintiff proves her allegations against Defendant Shaw, which allegations are denied by these Defendants, then Defendant Shaw would not have been acting within the course and scope of her employment, or in furtherance of the interest of these Defendants, or with these Defendants' knowledge and consent, and under those circumstances, such allegations would be denied.

32. The allegations contained in Paragraph 39 set forth legal conclusions, in response to which these Defendants crave reference to South Carolina law and deny any allegations inconsistent therewith. To the extent Plaintiff is able to prove its allegations against Defendant Shaw, which allegations are denied by these Defendants, these Defendants deny that these Defendants would be liable for the actions and omissions of Defendant Shaw.

33. In response to the allegations contained in Paragraph 40, these Defendants admit that Global Renewable Energy Education Network owed a duty to Jane Doe 1 and Jane Doe 2 to

ELECTRONICALLY FILED - 2026 Sep 22 10:08 AM - RICHLAND - COMMON PLEAS - CASE#2026CP400490

act in a prudent and reasonable manner with respect to their health and safety with respect to supervision, training, implementing appropriate policies, and investigating reports of employee misconduct. These Defendants are without sufficient information upon which to form a true and accurate belief as to the remaining allegations contained in Paragraph 40.

34. These Defendants deny the allegations contained in Paragraphs 41- 46.

35. The allegations contained in Paragraph 47 which are directed to Global Renewable Energy Education Network are admitted. These Defendants are without sufficient information upon which to form a true and accurate belief as to the remaining allegations contained in Paragraph 47.

36. These Defendants deny the allegations contained in Paragraphs 48 – 50.

37. In response to the allegations contained in Paragraph 51, these Defendants hereby reallege and incorporate the allegations set forth above.

38. These Defendants deny the allegations contained in Paragraph 52.

39. In response to the allegations contained in Paragraph 53, these Defendants admit that Defendant Shaw was an employee of Global Renewable Energy Education Network during the times alleged in the Amended Complaint. These Defendants are without sufficient information upon which to form a true and accurate belief as to the remaining allegations contained in Paragraph 53.

40. The allegations contained in Paragraph 54 set forth legal conclusions in response to which these Defendants crave reference to applicable law and deny any allegations inconsistent therewith.

41. These Defendants deny the allegations contained in Paragraph 55.

ELECTRONICALLY FILED - 2026 Sep 22 10:08 AM - RICHLAND - COMMON PLEAS - CASE#2026CP400490

42. In response to the allegations contained in Paragraph 56, these Defendants admit that defendant Shaw had knowledge of the illegality of strip searchings students, but deny that Defendant Shaw strip searched Jane Doe 1 and Jane Doe 2.

43. These Defendants deny the allegations contained in Paragraphs 57 – 63.

44. In response to the allegations contained in Paragraph 64, these Defendants hereby reallege and incorporate the allegations set forth above.

45. These Defendants deny the allegations contained in Paragraph 65.

46. In response to the allegations contained in Paragraph 66, these Defendants admit that Defendant Shaw was an employee of Global Renewable Energy Education Network at the times alleged in the Amended Complaint. These Defendants are without sufficient information upon which to form a true and accurate belief as to the remaining allegations contained in Paragraph 66.

47. In response to the allegations contained in Paragraph 67, these Defendants crave reference to applicable law and deny any allegations inconsistent therewith.

48. These Defendants deny the allegations contained in Paragraph 68 – 77.

49. In response to the allegations contained in Paragraph 78, these Defendants hereby reallege and incorporate the allegations set forth above.

50. These Defendants are without sufficient information upon which to form a true and accurate belief as to the allegations contained in Paragraph 79.

51. These Defendants deny the allegations contained in Paragraph 80 and further deny that Plaintiff is entitled to the relief prayed for in the Amended Compliant.

**<u>FOR A SECOND DEFENSE</u>**

ELECTRONICALLY FILED - 2026 Sep 22 10:08 AM - RICHLAND - COMMON PLEAS - CASE#2026CP400490

52. These Defendants hereby reallege and incorporate the allegations set forth above to the extent they are consistent with this defense.

53. Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action, and therefore should be dismissed in its entirety pursuant to SCRCP 12(b)(6).

**FOR A THIRD DEFENSE**

54. These Defendants hereby reallege and incorporate the allegations set forth above to the extent they are consistent with this defense.

55. Plaintiff failed to take appropriate steps to mitigate or otherwise reduce her alleged damages in this matter, and as a result of Plaintiff's failure to mitigate, Plaintiff should be barred from recovery, or her recovery should be appropriately limited.

**FOR A FOURTH DEFENSE**

56. These Defendants hereby reallege and incorporate the allegations set forth above to the extent they are consistent with this defense.

57. Any injuries or damages allegedly sustained by Plaintiff were due to and proximately caused by the negligence, carelessness and recklessness of third parties and these Defendants have no liability to Plaintiff. As a result, Plaintiff should be barred from any recovery against these Defendants in this action.

**FOR A FIFTH DEFENSE**

58. Defendants hereby reallege and incorporate the allegations set forth above to the extent they are consistent with this defense.

59. Any injuries or damages allegedly sustained by Plaintiff were due to and proximately caused by the superseding and/or intervening acts of third parties which were the

ELECTRONICALLY FILED - 2026 Sep 22 10:08 AM - RICHLAND - COMMON PLEAS - CASE#2026CP4004990

proximate cause of any injuries or damages alleged by the Plaintiff. As a result, Plaintiff should be barred from any recovery against these Defendants in this action.

**FOR A SIXTH DEFENSE**

60. These Defendants hereby reallege and incorporate the allegations set forth above to the extent they are consistent with this defense.

61. These Defendants hereby raise the doctrine of election of remedies as a defense to Plaintiff's claims.

**FOR A SEVENTH DEFENSE**

62. These Defendants hereby reallege and incorporate the allegations set forth above to the extent they are consistent with this defense.

63. Any recovery by Plaintiff must be reduced or offset by amounts Plaintiff has received or may recover from others for the same alleged injury and/or damages claimed in this suit.

**FOR AN EIGHTH DEFENSE**

64. These Defendants hereby reallege and incorporate the allegations set forth above to the extent they are consistent with this defense.

65. To the extent these Defendants are required to raise affirmative defenses under applicable South Carolina law in order to avoid an argument of waiver by Plaintiff, these Defendants would assert Plaintiff's damages, if any, should be proportionately barred or reduced under the doctrine of comparative fault if such evidence is found as the case proceeds.

**FOR A NINTH DEFENSE**

66. These Defendants hereby reallege and incorporate the allegations set forth above to the extent they are consistent with this defense.

ELECTRONICALLY FILED - 2026 Sep 22 10:08 AM - RICHLAND - COMMON PLEAS - CASE#2026CP400490

67. Plaintiff's alleged losses purportedly resulted from the exercise of discretion or judgment by a governmental entity or employee or the performance or failure to perform any act or service which is in the discretion or judgment of the governmental entity or employee; consequently, Plaintiff's claims are barred by §15-78-60(5) of the South Carolina Tort Claims Act.

**FOR A TENTH DEFENSE**

68. These Defendants hereby reallege and incorporate the allegations set forth above to the extent they are consistent with this defense.

69. These Defendants are subject to the defenses and limitations prescribed by the South Carolina Tort Claims Act ("SCTCA"), S.C. Code Ann. §15-78-10, et seq. These Defendants alleged liability for torts is therefore governed and controlled by the SCTCA.

**FOR AN ELEVENTH DEFENSE**

70. These Defendants hereby reallege and incorporate the allegations set forth above to the extent they are consistent with this defense.

71. Plaintiff's claims are barred by the terms of S.C. Code Ann. §15-78-60(4) because a governmental agency and its employees are not liable for a loss resulting from adoption, enforcement, or compliance with any law or failure to adopt or enforce any law, whether valid or invalid, including, but not limited to, any charter, provision, ordinance, resolution, rule, regulation, or written policies.

**FOR A TWELFTH DEFENSE**

72. These Defendants hereby reallege and incorporate the allegations set forth above to the extent they are consistent with this defense.

73. Plaintiff's recovery, if any, is limited by §15-78-120(a) and (b) of the Code of Laws of South Carolina (1976 as amended) which are pled as a partial bar to this action.

ELECTRONICALLY FILED - 2026 Sep 22 10:08 AM - RICHLAND - COMMON PLEAS - CASE#2026CP400490

**FOR A THIRTEENTH DEFENSE**

74. These Defendants hereby reallege and incorporate the allegations set forth above to the extent they are consistent with this defense.

75. These Defendants hereby raise all relevant affirmative defenses contained in §15-78-60, as well as all other liability limitations contained in the South Carolina Tort Claims Act.

**FOR A FOURTEENTH DEFENSE**

76. These Defendants hereby reallege and incorporate the allegations set forth above to the extent they are consistent with this defense.

77. Plaintiff's claims are barred by the terms of S.C. Code Ann. §15-78-60(25) because a governmental agency and its employees are not liable for a loss resulting from responsibility or duty including but not limited to supervision, protection, control, confinement, or custody of any student, patient, prisoner, inmate, or client of any governmental entity, except when the responsibility or duty is exercised in a grossly negligent manner.

**FOR A FIFTEENTH DEFENSE**

78. These Defendants hereby reallege and incorporate the allegations set forth above to the extent they are consistent with this defense.

79. Plaintiff's claims are barred by the doctrines of release, waiver, estoppel and/or laches.

**FOR A SIXTEENTH DEFENSE**

80. These Defendants hereby reallege and incorporate the allegations set forth above to the extent they are consistent with this defense.

81. Plaintiff's claims against these Defendants are barred by the terms of S.C. Code Ann. §15-78-60(17) if it is proven that the alleged loss resulted from employee conduct outside

ELECTRONICALLY FILED - 2026 Sep 22 10:08 AM - RICHLAND - COMMON PLEAS - CASE#2026CP4004990

the scope of her official duties or which constitutes actual fraud, actual malice, intent to harm, or a crime involving moral turpitude.

**FOR A SEVENTEENTH DEFENSE**

82. These Defendants hereby reallege and incorporate the allegations set forth above to the extent they are consistent with this defense.

83. These Defendants hereby give notice that they intend to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and thus reserve the right to amend their Answer to assert any such defenses.

WHEREFORE, having fully answered the Amended Complaint and asserting these affirmative defenses, these Defendants pray that the Amended Complaint be dismissed with prejudice, that these Defendants be awarded their costs and disbursements associated with this matter, and such other relief as this Court may deem just and proper.

HOLCOMBE BOMAR, P.A.

By: *s/W. McElhaney White*
W. McElhaney White (SC Bar No. 8552)
Zoe R. Henrikson (SC Bar No. 106335)
Email: mwhite@holcombebomar.com
Email: zhenrikson@holcombebomar.com
P. O. Box 1897
Spartanburg, SC 29304
Telephone: (864) 594-5300

*Attorneys for Global Renewable Energy Education Network and Green Charter School Board*

September 22, 2026
Spartanburg, South Carolina

# EXHIBIT “C”

ELECTRONICALLY FILED - 2026 Sep 24 3:59 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004990

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF RICHLAND<br><br>Mother Doe, as the Parent and Natural Guardian of Minors, Jane Doe 1 and Jane Doe 2,<br><br>Plaintiff,<br><br>v.<br><br>Global Renewable Energy Education Network, Green Charter School Board, and Tina Shaw, Ed.D.,<br><br>Defendants. | IN THE COURT OF COMMON PLEAS<br>FIFTH JUDICIAL CIRCUIT<br>CASE NO.: 2026-CP-40-04990<br><br>**FIRST AMENDED ANSWER OF GLOBAL RENEWABLE ENERGY EDUCATION NETWORK AND GREEN CHARTER SCHOOL BOARD TO PLAINTIFF'S AMENDED COMPLAINT** |

Global Renewable Energy Education Network and Green Charter School Board ("these Defendants"), by and through their undersigned attorneys, answer the Amended Complaint as follows:

1. All allegations contained in the Amended Complaint which are not hereinafter admitted, qualified, or otherwise explained are denied.

**FOR A FIRST DEFENSE**

2. These Defendants are without sufficient information upon which to form a true and accurate belief as to the allegations contained in Paragraph 1.

3. In response to the allegations contained in Paragraph 2, these Defendants admit that Global Renewable Energy Education Network is a nonprofit corporation organized and existing under the laws of the State of South Carolina, that it operates charter schools including Green Charter School Midlands, and was the employer of the administrators, faculty, and staff of Green Charter School Midlands, including Tina Shaw, at all times relevant to this action.

ELECTRONICALLY FILED - 2026 Sep 24 3:59 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004990

4. In response to the allegations contained in Paragraph 3, these Defendants deny that Green Charter School Board is an entity organized under the laws of the State of South Carolina, and further denies that it is appropriate to refer to Global Renewable Energy Education Network and Green Charter School Board collectively as "Defendant Green". These Defendants deny all allegations of liability, wrongdoing, and the prayer for relief asserted in the Amended Complaint against these Defendants. These Defendants admit that Global Renewable Energy Education Network acted and carried on its business by and through agents, servants, and/or employees. These Defendants are without sufficient information upon which to form a true and accurate belief as to the remaining allegations contained in Paragraph 3.

5. In response to the allegations contained in Paragraph 4, these Defendants admit that Tina Shaw was an employee of Global Renewable Energy Education Network at the time of the incident alleged in the Complaint. These Defendants are without sufficient information upon which to form a true and accurate belief as to the remaining allegations contained in Paragraph 4.

6. In response to the allegations contained in Paragraph 5, these Defendants deny the actions and occurrences alleged in the Amended Complaint. These Defendants admit that Green Charter School Midlands is located in Richland County, South Carolina.

7. The allegations contained in Paragraphs 6 – 8 set forth legal conclusion, and in response thereto, these Defendants crave reference to State and Federal law and deny any allegations inconsistent therewith.

8. In response to the allegations contained in Paragraph 9, these Defendants admit that Global Renewable Energy Education Network was the operator of charter schools, including Green Charter School Midlands. These Defendants deny the remaining allegations contained in Paragraph 9.

ELECTRONICALLY FILED - 2026 Sep 24 3:59 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004990

9. These Defendants admit the allegations contained in Paragraph 10.

10. In response to the allegations contained in Paragraph 11, these Defendants deny that there was a failure to establish policies and train employees on the law regarding strip searches, on how to assess the need for a search of student's person, and for proper search techniques to avoid violations of established South Carolina statutes.

11. These Defendants deny the allegations contained in Paragraph 12.

12. In response to the allegations contained in Paragraph 13, these Defendants crave reference to the school records of Jane Doe 1 and Jane Doe 2 and deny any allegations inconsistent therewith.

13. These Defendants admit that in October of 2024, Tina Shaw was Principal of Green Charter School Midlands.

14. These Defendants admit the allegations contained in Paragraph 15, except to the extent the allegations suggest that Principal Shaw's office was open for anyone to enter. To the extent the allegations contained in Paragraph 15 suggest that, they are denied.

15. In response to the allegations contained in Paragraph 16, these Defendants admit that Tina Shaw returned to her office finding Jane Doe 1 and Jane Doe 2 therein.

16. These Defendants deny the allegations contained in Paragraphs 17 and 18.

17. In response to the allegations contained in Paragraphs 19 - 21, these Defendants deny that Principal Shaw conducted a strip search of Jane Doe 1 and Jane Doe 2.

18. In response to the allegations contained in Paragraph 22, these Defendants deny that Principal Shaw strip searched Jane Doe 1 and Jane Doe 2. These Defendants are without sufficient information upon which to form a true and accurate belief as to what Jane Doe 1 and Jane Doe 2 told their mother. In response to the remaining allegations contained in Paragraph 22,

ELECTRONICALLY FILED - 2026 Sep 24 3:59 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004990

these Defendants admit that there were communications between Mother Doe and employees of Global Renewable Energy Education Network, but these Defendants deny that there was any misconduct on the part of these Defendants or Principal Shaw.

19. In response to the allegations contained in Paragraphs 23 – 25, these Defendants admit that there were ongoing communications between Global Renewable Energy Education Network and Mother Doe. With respect to the content of the messages and emails, these Defendants crave reference to such text messages and emails.

20. In response to the allegations contained in Paragraph 26, these Defendants admit that Principal Shaw did not search the students and that Principal Shaw has always maintained that she did not search the students. The remaining allegations contained in Paragraph 26 are denied.

21. These Defendants are without sufficient information upon which to form a true and accurate belief as to the allegations contained in Paragraph 27.

22. In response to the allegations contained in Paragraph 28, these Defendants admit that Jane Doe 1 and Jane Doe 2 were questioned separately about the alleged incident. These Defendants deny the remaining allegations contained in Paragraph 28.

23. These Defendants are without sufficient information upon which to form a true and accurate belief as to the allegations contained in Paragraph 29.

24. In response to the allegations contained in Paragraph 30, these Defendants deny that teachers or any other staff created a hostile or uncomfortable educational environment. These Defendants are without sufficient information upon which to form a true and accurate belief as to the remaining allegations contained in Paragraph 30.

25. These Defendants are without sufficient information upon which to form a true and accurate belief as to the allegations contained in Paragraph 31.

ELECTRONICALLY FILED - 2026 Sep 24 3:59 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004990

26. In response to the allegations set forth in Paragraphs 32 – 33, these Defendants admit that Defendant Shaw was arrested and charges were asserted. These Defendants deny that Defendant Shaw searched the minor twin students as alleged in the Amended Complaint.

27. These Defendants deny the allegations contained in Paragraph 34.

28. In response to the allegations contained in Paragraph 35, these Defendants reallege and incorporate the allegations set forth above.

29. These Defendants deny the allegations contained in Paragraph 36.

30. In response to the allegations contained in Paragraph 37, these Defendants admit that the causes of action alleged against these Defendants in the Amended Complaint are brought pursuant to the South Carolina Tort Clams Act, S.C. Code Ann. § 15-78-10, et. seq. These Defendants deny the allegations raised in the Amended Complaint against these Defendants.

31. These Defendants admit the allegations contained in Paragraph 38; however, if Plaintiff proves her allegations against Defendant Shaw, which allegations are denied by these Defendants, then Defendant Shaw would not have been acting within the course and scope of her employment, or in furtherance of the interest of these Defendants, or with these Defendants' knowledge and consent, and under those circumstances, such allegations would be denied.

32. The allegations contained in Paragraph 39 set forth legal conclusions, in response to which these Defendants crave reference to South Carolina law and deny any allegations inconsistent therewith. To the extent Plaintiff is able to prove its allegations against Defendant Shaw, which allegations are denied by these Defendants, these Defendants deny that these Defendants would be liable for the actions and omissions of Defendant Shaw.

33. In response to the allegations contained in Paragraph 40, these Defendants admit that Global Renewable Energy Education Network owed a duty to Jane Doe 1 and Jane Doe 2 to

ELECTRONICALLY FILED - 2026 Sep 24 3:59 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004990

act in a prudent and reasonable manner with respect to their health and safety with respect to supervision, training, implementing appropriate policies, and investigating reports of employee misconduct. These Defendants are without sufficient information upon which to form a true and accurate belief as to the remaining allegations contained in Paragraph 40.

34. These Defendants deny the allegations contained in Paragraphs 41- 46.

35. The allegations contained in Paragraph 47 which are directed to Global Renewable Energy Education Network are admitted. These Defendants are without sufficient information upon which to form a true and accurate belief as to the remaining allegations contained in Paragraph 47.

36. These Defendants deny the allegations contained in Paragraphs 48 – 50.

37. In response to the allegations contained in Paragraph 51, these Defendants hereby reallege and incorporate the allegations set forth above.

38. These Defendants deny the allegations contained in Paragraph 52.

39. In response to the allegations contained in Paragraph 53, these Defendants admit that Defendant Shaw was an employee of Global Renewable Energy Education Network during the times alleged in the Amended Complaint. These Defendants are without sufficient information upon which to form a true and accurate belief as to the remaining allegations contained in Paragraph 53.

40. The allegations contained in Paragraph 54 set forth legal conclusions in response to which these Defendants crave reference to applicable law and deny any allegations inconsistent therewith.

41. These Defendants deny the allegations contained in Paragraph 55.

ELECTRONICALLY FILED - 2026 Sep 24 3:59 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004990

42. In response to the allegations contained in Paragraph 56, these Defendants admit that defendant Shaw had knowledge of the illegality of strip searchings students, but deny that Defendant Shaw strip searched Jane Doe 1 and Jane Doe 2.

43. These Defendants deny the allegations contained in Paragraphs 57 – 63.

44. In response to the allegations contained in Paragraph 64, these Defendants hereby reallege and incorporate the allegations set forth above.

45. These Defendants deny the allegations contained in Paragraph 65.

46. In response to the allegations contained in Paragraph 66, these Defendants admit that Defendant Shaw was an employee of Global Renewable Energy Education Network at the times alleged in the Amended Complaint. These Defendants are without sufficient information upon which to form a true and accurate belief as to the remaining allegations contained in Paragraph 66.

47. In response to the allegations contained in Paragraph 67, these Defendants crave reference to applicable law and deny any allegations inconsistent therewith.

48. These Defendants deny the allegations contained in Paragraph 68 – 77.

49. In response to the allegations contained in Paragraph 78, these Defendants hereby reallege and incorporate the allegations set forth above.

50. These Defendants are without sufficient information upon which to form a true and accurate belief as to the allegations contained in Paragraph 79.

51. These Defendants deny the allegations contained in Paragraph 80 and further deny that Plaintiff is entitled to the relief prayed for in the Amended Compliant.

**FOR A SECOND DEFENSE**

ELECTRONICALLY FILED - 2026 Sep 24 3:59 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004990

52. These Defendants hereby reallege and incorporate the allegations set forth above to the extent they are consistent with this defense.

53. Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action, and therefore should be dismissed in its entirety pursuant to SCRCP 12(b)(6).

**FOR A THIRD DEFENSE**

54. These Defendants hereby reallege and incorporate the allegations set forth above to the extent they are consistent with this defense.

55. Plaintiff failed to take appropriate steps to mitigate or otherwise reduce her alleged damages in this matter, and as a result of Plaintiff's failure to mitigate, Plaintiff should be barred from recovery, or her recovery should be appropriately limited.

**FOR A FOURTH DEFENSE**

56. These Defendants hereby reallege and incorporate the allegations set forth above to the extent they are consistent with this defense.

57. Any injuries or damages allegedly sustained by Plaintiff were due to and proximately caused by the negligence, carelessness and recklessness of third parties and these Defendants have no liability to Plaintiff. As a result, Plaintiff should be barred from any recovery against these Defendants in this action.

**FOR A FIFTH DEFENSE**

58. Defendants hereby reallege and incorporate the allegations set forth above to the extent they are consistent with this defense.

59. Any injuries or damages allegedly sustained by Plaintiff were due to and proximately caused by the superseding and/or intervening acts of third parties which were the

ELECTRONICALLY FILED - 2026 Sep 24 3:59 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004990

proximate cause of any injuries or damages alleged by the Plaintiff. As a result, Plaintiff should be barred from any recovery against these Defendants in this action.

**FOR A SIXTH DEFENSE**

60. These Defendants hereby reallege and incorporate the allegations set forth above to the extent they are consistent with this defense.

61. These Defendants hereby raise the doctrine of election of remedies as a defense to Plaintiff's claims.

**FOR A SEVENTH DEFENSE**

62. These Defendants hereby reallege and incorporate the allegations set forth above to the extent they are consistent with this defense.

63. Any recovery by Plaintiff must be reduced or offset by amounts Plaintiff has received or may recover from others for the same alleged injury and/or damages claimed in this suit.

**FOR AN EIGHTH DEFENSE**

64. These Defendants hereby reallege and incorporate the allegations set forth above to the extent they are consistent with this defense.

65. To the extent these Defendants are required to raise affirmative defenses under applicable South Carolina law in order to avoid an argument of waiver by Plaintiff, these Defendants would assert Plaintiff's damages, if any, should be proportionately barred or reduced under the doctrine of comparative fault if such evidence is found as the case proceeds.

**FOR A NINTH DEFENSE**

66. These Defendants hereby reallege and incorporate the allegations set forth above to the extent they are consistent with this defense.

ELECTRONICALLY FILED - 2026 Sep 24 3:59 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004990

67. Plaintiff's alleged losses purportedly resulted from the exercise of discretion or judgment by a governmental entity or employee or the performance or failure to perform any act or service which is in the discretion or judgment of the governmental entity or employee; consequently, Plaintiff's claims are barred by §15-78-60(5) of the South Carolina Tort Claims Act.

**FOR A TENTH DEFENSE**

68. These Defendants hereby reallege and incorporate the allegations set forth above to the extent they are consistent with this defense.

69. These Defendants are subject to the defenses and limitations prescribed by the South Carolina Tort Claims Act ("SCTCA"), S.C. Code Ann. §15-78-10, et seq. These Defendants alleged liability for torts is therefore governed and controlled by the SCTCA.

**FOR AN ELEVENTH DEFENSE**

70. These Defendants hereby reallege and incorporate the allegations set forth above to the extent they are consistent with this defense.

71. Plaintiff's claims are barred by the terms of S.C. Code Ann. §15-78-60(4) because a governmental agency and its employees are not liable for a loss resulting from adoption, enforcement, or compliance with any law or failure to adopt or enforce any law, whether valid or invalid, including, but not limited to, any charter, provision, ordinance, resolution, rule, regulation, or written policies.

**FOR A TWELFTH DEFENSE**

72. These Defendants hereby reallege and incorporate the allegations set forth above to the extent they are consistent with this defense.

73. Plaintiff's recovery, if any, is limited by §15-78-120(a) and (b) of the Code of Laws of South Carolina (1976 as amended) which are pled as a partial bar to this action.

ELECTRONICALLY FILED - 2026 Sep 24 3:59 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004990

**FOR A THIRTEENTH DEFENSE**

74. These Defendants hereby reallege and incorporate the allegations set forth above to the extent they are consistent with this defense.

75. These Defendants hereby raise all relevant affirmative defenses contained in §15-78-60, as well as all other liability limitations contained in the South Carolina Tort Claims Act.

**FOR A FOURTEENTH DEFENSE**

76. These Defendants hereby reallege and incorporate the allegations set forth above to the extent they are consistent with this defense.

77. Plaintiff's claims are barred by the terms of S.C. Code Ann. §15-78-60(25) because a governmental agency and its employees are not liable for a loss resulting from responsibility or duty including but not limited to supervision, protection, control, confinement, or custody of any student, patient, prisoner, inmate, or client of any governmental entity, except when the responsibility or duty is exercised in a grossly negligent manner.

**FOR A FIFTEENTH DEFENSE**

78. These Defendants hereby reallege and incorporate the allegations set forth above to the extent they are consistent with this defense.

79. Plaintiff's claims are barred by the doctrines of release, waiver, estoppel and/or laches.

**FOR A SIXTEENTH DEFENSE**

80. These Defendants hereby reallege and incorporate the allegations set forth above to the extent they are consistent with this defense.

81. Plaintiff's claims against these Defendants are barred by the terms of S.C. Code Ann. §15-78-60(17) if it is proven that the alleged loss resulted from employee conduct outside

ELECTRONICALLY FILED - 2026 Sep 24 3:59 PM - RICHLAND - COMMON PLEAS - CASE#2026CP400490

the scope of her official duties or which constitutes actual fraud, actual malice, intent to harm, or a crime involving moral turpitude.

**FOR A SEVENTEENTH DEFENSE**

82. These Defendants hereby reallege and incorporate the allegations set forth above to the extent they are consistent with this defense.

83. The Green Charter School Board was not served properly with the Amended Summons and Complaint, and thus this action must be dismissed against it under SCRCP 12(b)(5).

**FOR AN EIGHTEENTH DEFENSE**

84. These Defendants hereby reallege and incorporate the allegations set forth above to the extent they are consistent with this defense.

85. These Defendants hereby give notice that they intend to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and thus reserve the right to amend their Answer to assert any such defenses.

WHEREFORE, having fully answered the Amended Complaint and asserting these affirmative defenses, these Defendants pray that the Amended Complaint be dismissed with prejudice, that these Defendants be awarded their costs and disbursements associated with this matter, and such other relief as this Court may deem just and proper.

HOLCOMBE BOMAR, P.A.

By: *s/W. McElhaney White*
W. McElhaney White (SC Bar No. 8552)
Zoe R. Henrikson (SC Bar No. 106335)
Email: mwhite@holcombebomar.com
Email: zhenrikson@holcombebomar.com
P. O. Box 1897
Spartanburg, SC 29304
Telephone: (864) 594-5300

ELECTRONICALLY FILED - 2026 Sep 24 3:59 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004990

*Attorneys for Global Renewable Energy Education Network and Green Charter School Board*

September 24, 2026
Spartanburg, South Carolina

# EXHIBIT “D”

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**
**CASE NUMBER:**

**State Court Civil Action No.: 2026-CP-40-04990**

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF RICHLAND<br><br>Mother Doe, as the Parent and Natural Guardian of Minors, Jane Doe 1 and Jane Doe 2,<br><br>Plaintiff,<br><br>v.<br><br>Global Renewable Energy Education Network, Green Charter School Board, and Tina Shaw, Ed.D.,<br><br>Defendants. | **ALL DEFENDANTS CONSENT TO REMOVE TO FEDERAL COURT** |

**TO: THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA, COLUMBIA DIVISION:**

PLEASE LET IT BE KNOWN that pursuant to 28 U.S.C. § 1446(b)(2)(A), all Defendants, Global Renewable Energy Education Network, Green Charter School Board, and Tina Shaw, Ed.D., by and through their undersigned counsel, hereby notify the Court and all parties that all Defendants explicitly consent to and join in the Notice of Removal filed by Global Renewable Energy Education Network and Green Charter School Board.

[*Signature Page Following*]

**WE CONSENT:**

s/Nosizi Ralephata

Nosizi Ralephata (Federal Bar No.: 9685)
**GORDAN REES SCULLY MANSUKHANI**
677 King Street Suite 450
Charleston, SC 29403
Telephone: (843) 714-2504
nralephata@grsm.com

*Attorneys for Defendant Tina Shaw*

s/W. McElhaney White

W. McElhaney White (Federal Bar No.: 6846)
Zoe R. Henrikson (Federal Bar No.: 14322)
**HOLCOMBE BOMAR, PA**
101 W. St. John Street, Suite 200
Spartanburg, SC 29306
Telephone: (864) 594-5300
mwhite@holcombebomar.com
zhenrikson@holcombebomar.com

*Attorneys for Defendants Global Renewable Energy Education Network and Green Charter School Board*

September 25, 2026
Spartanburg, South Carolina